NOWATARSKI v. DUSZA.

VENDOR AND PURCHASER—INJUNCTION—FRAUD.

In a suit to enjoin defendants from evicting plaintiff from
certain premises which he was purchasing on a land con-
tract, to have a circuit court commissioner's judgment for
restitution of said premises set aside, and to have plain-
tiff's right in said premises determined, the finding of the
court below that the judgment of restitution and the state-
ment of the amount due upon the contract were obtained
by fraud, and therefore should be set aside *held*, sustained
by the record, and the case is remanded for further proofs
as to the state of the account between the parties unless
counsel agree thereon.

Appeal from Wayne; Moinet (Edward J.), J., pre-
siding.    Submitted January 3, 1922.    (Docket No. 5.)
Decided June 5, 1922.    Rehearing denied July 20, 1922.

Bill by Albert Nowatarski against Marcel Dusza
and others to set aside a judgment of ouster, and for
an accounting.    From a decree for plaintiff, defend-
ants appeal.    Affirmed.

*Baubie & Baubie,* for plaintiff.

*Harry J. Lippman* (*Ralph W. Liddy,* of counsel),
for defendants.

BIRD, J.    In September, 1917, plaintiff exchanged
his farm of 240 acres at Harrietta at a value of $13,500
for an equity which Jacob Pokojski and wife owned
in a 4-family flat situate on Dubois street, in the city
of Detroit.    Plaintiff took possession of the same in
November, 1917.    Maryan Jaszczynski and his wife,
Maryana, were Pokojski's vendors.    About the time
that plaintiff made the exchange with Pokojski, Jas-

zczynski and wife placed their contract with defendant Dusza to secure the payment of $600, which they owed him. After the assignment was made by way of security, plaintiff having no knowledge of it, he paid to Jaszczynski the sum of $322.86 to apply on his contract. After he learned that the contract had been assigned to Dusza he paid him $75 to apply thereon, and Dusza promised to wait for the payment of the $322.86, which was due, until he, plaintiff, could get it back from Jaszczynski. Dusza did not keep his promise but instead, a short time thereafter, he went before a circuit court commissioner and started summary proceedings to put plaintiff out of possession. In this proceeding he secured a judgment of ouster and a statement in the judgment that there was due on the contract the sum of $481.86. It was shown that this sum included the payment which plaintiff had made to Jaszczynski. Dusza then said to plaintiff move or pay rent. Plaintiff thereafter for a time paid rent as a tenant. When plaintiff learned that defendant Dusza was claiming to own the premises and asserting that plaintiff had no interest in them he consulted counsel and these proceedings were begun to establish his rights and have the judgment before the commissioner vacated.

The record shows that plaintiff is of Polish extraction and is unacquainted with the English language. Defendant is also Polish, but he was not only well versed in English, but was well acquainted with our business methods. The amount of property which plaintiff put into the contract was $11,600. He was proceeding to make his payment of the balance at the rate of $75 per month. The defendant, Dusza, knew these facts, yet he proceeded to pursue a course which, if successful, would wipe out all of plaintiff's equity in the property and leave him penniless. He did not demand immediate payment from the plaintiff He did not serve any notice of forfeiture of plaintiff's rights in

the premises, but proceeded to take out process from the commissioner's court, and had it served on plaintiff, and then misrepresented to him as to what it was done for. Plaintiff went before the commissioner as commanded, but he did not understand the proceedings. He says he was told by Dusza that it involved the question of commissions. He was not represented by counsel. Dusza testified that he was the owner of the property and that plaintiff was in default in his payments. This enabled him to obtain judgment as there was no defense.

The chancellor found as a fact that Dusza was not the owner of the premises, that he simply held a contract as security for the payment of $600 which Jaszczynski owed him. The chancellor also found that the judgment of restitution and the statement of the amount due upon the contract were obtained by the fraud of defendant and accordingly set them aside. He further found that Dusza forced plaintiff, by his fraudulent methods, to become his tenant. We are in accord with the conclusions reached by the chancellor. The record is very persuasive that defendant undertook to, and did, take an unconscionable advantage of one of his ignorant countrymen who was unacquainted with our language and our methods of transacting business, the result of which was to extinguish his entire interest in a property for which he had recently paid upwards of $11,000. Unless counsel can agree upon the state of the account, the case will be remanded for further proofs.

The decree is affirmed.

FELLOWS, C. J., and WIEST, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.